IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,174-01






EX PARTE CODY DUANE DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19720 IN THE 86TH DISTRICT COURT


FROM KAUFMAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder 
and sentenced to imprisonment for life. The Thirteenth Court of Appeals affirmed his conviction.
Davis v. State, No. 13-00-00395-CR (Tex. App.-Corpus Christi, June 23, 2005, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because he (1) did
not object to the totality of the extraneous misconduct in Applicant's statement to Robert Harris; (2)
repeatedly elicited testimony from Mike Williams that Applicant was simulating CPR on the
complainant; (3) did not object when the State argued during closing that 300 bruises were found
on the complainant and that seven of her ribs were broken; (4) focused on Applicant's absence of
intent during closing arguments, when Applicant could have also been found guilty of knowingly
causing the complainant's death; and (5) failed to impeach the medical examiner after eliciting from
her that the complainant had five broken ribs. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 4, 2008

Do not publish